UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCHULTZ CHAN and<br>SONGJIANG WANG, | *<br>*<br>* | |
| Plaintiffs, | *<br>* | |
| v. | *<br>* | Civil Action No. 1:21-cv-11135-IT |
| DAVID J. CIRILLI, FBI Agent;<br>SARAH E. WALTERS,<br>Former Assistant United States Attorney;<br>STEPHEN E. FRANK,<br>Assistant United States Attorney;<br>JORDI de LLANO,<br>Former Assistant United States Attorney;<br>and KRISS BASIL,<br>Assistant United States Attorney, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | |
| Defendants. | *<br>*<br>* | |

MEMORANDUM & ORDER

November 22, 2022

TALWANI, D.J.

In July 2018, Plaintiffs Schultz Chan and Songjiang Wang ("Plaintiffs") were convicted of participating in an insider trading and tipping scheme. In this civil action for compensatory and punitive damages, Plaintiffs allege that former and current Assistant United States Attorneys Sarah E. Walters, Stephen E. Frank, Jordi de Llano, and Kriss Basil (collectively the "Prosecutor Defendants") and FBI Agent David J. Cirilli engaged in prosecutorial misconduct in violation of Plaintiffs' rights under the Fourth and Fifth Amendments. Defendants have moved to dismiss the Complaint [Doc. No. 1] for lack of personal jurisdiction, insufficient service, and failure to state a claim, Mot. to Dismiss [Doc. No. 18], and Plaintiffs have filed an Opposition [Doc. No. 20].

For the reasons that follow, Defendants' Motion to Dismiss [Doc. No. 18] is GRANTED.

**I.    Discussion**

    A.    *Personal Jurisdiction and Service of Process*

"[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992). Defendants contend that service was insufficient because Plaintiffs failed to serve them properly under the federal rules and also failed to serve the United States through service on the United States Attorney in this district or the Attorney General of the United States. See Fed. R. Civ. P. 4(i)(1)(A)-(B).

Plaintiffs assert that there is no need to provide service upon the United States because they brought this action against Defendants in their individual capacities. Opp'n 1 [Doc. No. 20]. Under Fed. R. Civ. P. 4(i)(3), "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Although Plaintiffs sued the Defendants in their "individual capacities," the claims are for prosecutorial misconduct, which is an act "in connection with duties performed on the United States' behalf." Fed. R. Civ. P 4(i)(3). The rule makes clear that Plaintiffs are thus required to serve the United States as well as the individual Defendants. See id. Plaintiffs by their own admission have not served the United States. See Opp'n 1 [Doc. No. 20].

If a defendant is not properly served within ninety days of a complaint's filing, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Under Rule 4(i)(4), however, "[t]he court must allow a party a

reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B) (emphasis added).

Defendants posit that they were not properly served individually pursuant to Fed. R. Civ. P. 4(e). Rule 4(e) provides that individual service may be completed by following the state law for serving a summons in the state where the district court is located or by one of the following three options: (a) "delivering a copy of the summons and of the complaint to the individual personally;" (b) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (c) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Plaintiffs' service returns do not indicate that they served Defendants in compliance with either state rules for service or pursuant to the other options set forth in the federal rule. See Service Returns [Doc. Nos. 10-14]. Instead, the service returns report on service addressed to the Defendants at their business address.

Although extending the time for service is therefore not mandatory, where Defendants did have notice of the suit, and Plaintiffs are proceeding here pro se, the court finds that dismissal of the Complaint [Doc. No. 1] on the ground of insufficient service would be premature.

B.  *Failure to State a Claim*

Alternatively, Defendants contend that the Complaint [Doc. No. 1] should be dismissed for failure to state a claim because the Prosecutor Defendants are entitled to absolute immunity and all Defendants are entitled to qualified immunity for Plaintiffs' claims against them. The court considers each argument in turn.

       1.      Absolute Immunity as to the Prosecutor Defendants

"Absolute immunity is designed to free the <u>judicial process</u> from the harassment and intimidation associated with litigation." Burns v. Reed, 500 U.S. 478, 494 (1991) (emphasis in original). "That concern therefore justifies absolute prosecutorial immunity only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." Id. "Applying this approach, the Supreme Court has recognized that several 'functions of contemporary prosecutors are entitled to absolute immunity.'" Penate v. Kaczmarek, 928 F.3d 128, 136 (1st Cir. 2019) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). "These include: appearing before a judge and presenting evidence in support of a motion for a search warrant, and prepar[ing] and filing . . . [a criminal] information and [a] motion for an arrest warrant." Id. (internal quotations omitted) (alterations in original); see also, Burns, 500 U.S. at 485 n.4 ("The Court previously had affirmed a decision holding that federal prosecutors were absolutely immune from suits for malicious prosecution"). "But the Supreme Court has rejected claims to absolute prosecutorial immunity where the prosecutor's conduct lacked a 'functional tie to [a] judicial process' initiated by the prosecutor." Penate, 928 F.3d at 136 (quoting Buckley 509 U.S. at 277). "So, absolute immunity does not protect prosecutors when they . . . fabricate evidence long before a grand jury has made an indictment . . ." Id.

Plaintiffs allege in the complaint that the Prosecutor Defendants conspired to fabricate criminal complaint affidavits (Count 1); tampered with exculpatory evidence (Count 2); provided perjured testimonies to the grand jury (Count 3); conspired to violate the Plaintiffs' constitutional rights (Count 4); maliciously prosecuted Plaintiffs (Count 5); and failed to intervene in violation of Plaintiffs' constitutional rights (Count 6). Compl. [Doc. No. 1]. The court finds that the alleged conduct falls within the scope of absolute immunity where it is connected with the

"prosecutor's role in judicial proceedings" and Plaintiffs have not made any claims that the conduct "long" preceded their grand jury indictments. See Thomas v. Manoog, 2021 WL 2209872, at *2 (D. Mass. June 1, 2021) (finding prosecutor entitled to absolute immunity against allegations of falsifying charges, misleading the grand jury with false documents, and lying to obtain false indictments and to falsely imprison plaintiff).

Plaintiffs contend that absolute immunity does not apply because they are suing the Prosecutor Defendants in their individual capacity under Bivens. Opp'n 1 [Doc. No. 20]. Plaintiffs are mistaken. "The Bivens doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008). "This implied cause of action is the federal analog to § 1983 suits against state officials." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011); see also Crooker v. United States, 2010 WL 3860597, at *8 n.13 (D. Mass. Sept. 29, 2010) ("The law of immunity in a Bivens claim against a federal official parallels that in a § 1983 claim against a state official"). And "a § 1983 action brought after the fact for damages against prosecutors in their individual capacity would . . . be barred by the doctrine of prosecutorial immunity." Willhauck v. Halpin, 953 F.2d 689, 711 n.22 (1st Cir. 1991).

Plaintiffs contend further that the Prosecutor Defendants are not entitled to absolute immunity because they were not ordered to commit the alleged constitutional violations by either the Department of Justice or the United States Attorney's Office. Opp'n 2 [Doc. No. 20]. But no such limitation applies to the absolute immunity at issue here. "The existence of absolute prosecutorial immunity is a matter of function; it depends . . . on the specific conduct in question." Nogueras-Cartagena v. U.S. Dep't of Just., 75 F. App'x 795, 798 (1st Cir. 2003)

5

(finding that absolute prosecutorial immunity attaches where "the challenged conduct . . . was intimately associated with the judicial phase of the criminal process"). "To the extent the function is prosecutorial . . . absolute immunity is applicable even if it leaves a 'genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Thomas, 2021 WL 2209872, at *2 (quoting Imbler v. Pachtman, 424 U.S. 409, 427 (1976)).

Accordingly, the Prosecutor Defendants are entitled to absolute immunity with respect to Plaintiffs' claims against them.

        2.        Claims Brought Through a Bivens Suit

"A Bivens action is a civil action brought against agents of the United States, deriving its name from Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 93 n.1 (1st Cir. 2013). "This implied cause of action is the federal analog to § 1983 suits against state officials." Id. (citing Soto-Torres, 654 F.3d at 158). But even where this implied right of action exists, "[q]ualified immunity shields federal . . . officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al–Kidd, 563 U.S. 731, 735 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "If either of the two prongs is not met—i.e., if the facts do not show a constitutional violation or the right in question was not clearly established—the officer is immune. Either prong may be addressed first, depending on 'the circumstances in the particular case at hand.'" Marrero-Mendez v. Calixto-Rodriguez, 830 F.3d 38, 43 (1st Cir. 2016) (quoting Pearson v. Callahan, 555 U.S. 223, 236 (2009)).

"In Bivens, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." Egbert v. Boule, 142 S. Ct. 1793, 1802 (2022) (quoting Bivens, 403 U.S. at 397). In Taylor, the First Circuit explained that neither the First Circuit nor the Supreme Court had "ever explicitly determined that the Fourth Amendment encompasses a malicious prosecution claim." Taylor, 723 F.3d at 97. The First Circuit went on to recognize such a claim under Bivens, but concluded that a plaintiff must establish, among other things, that "criminal proceedings [were] terminated in plaintiff's favor." Id. at 101 (quoting Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012).[1]

Here, Defendants contend that they are entitled to qualified immunity because Plaintiffs fail to allege a violation of their rights against malicious prosecution under the Fourth Amendment. Mem. in Supp. 8 [Doc. No. 19]. As Plaintiffs acknowledge, the criminal proceedings did not terminate in Plaintiffs' favor. Compl. 3 [Doc. No. 1]; see Jury Verdicts, 16-cr-10268 [#253, 254] (Chan and Wang were convicted by a jury of all counts charged). Thereafter, the First Circuit affirmed Plaintiffs' convictions, see United States v. Chan, 981 F.3d 39, 51-52 (1st Cir. 2020), and the court has since denied Chan's motion to vacate his conviction under 28 U.S.C. § 2255, see Mem & Order, 16-cr-10268 [#504]. Since the criminal proceedings against Plaintiffs were not terminated in their favor nor otherwise declared invalid, Plaintiffs' claim that Defendants violated their Fourth Amendment rights through malicious prosecution

---

[1] For purposes of a Bivens action, a favorable termination means that the "conviction has been declared invalid or otherwise impugned." Pandey v. Freedman, 66 F.3d 306 (Table), 1995 WL 568490 at *1 (1st Cir. 1995) (quoting Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994)).

7

necessarily fails.[2] See Pagan-Gonzalez v. Moreno, 919 F.3d 582, 601-02 (1st Cir. 2019) (applying Taylor's requirements for a Fourth Amendment malicious prosecution claim under Bivens in analyzing a qualified immunity defense).

Plaintiffs respond that they have alleged a different constitutional violation, namely, that "all defendants tampered with exculpatory evidence[], in violation of Plaintiffs' fundamental right to a fair trial." Opp'n 3 [Doc. No. 20]; see also Compl. 4 [Doc. No. 1] (alleging violations of Plaintiffs' "constitutional rights," including their "fundamental right to a fair trial"). The right to a fair trial is a right under the Due Process clause of the Fifth Amendment.

But here, too, Plaintiffs' claims are barred because they still have not met the requirements under Bivens to bring such a claim. "The claim that defendants conspired to procure [Plaintiffs'] conviction[s] by unconstitutional means, and to cover up their actions, essentially challenges the validity of the underlying conviction." Rodriguez v. Carhart, 73 F.3d 355 (Table), 1996 WL 7966 at *1 (1st Cir. 1996). "[I]n order to recover damages for [an] allegedly unconstitutional conviction or sentence," a claim "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 487, 490 (1994); see also, Limone v. Condon, 372 F.3d 39, 47 (1st Cir. 2004) (indicating the favorable termination requirement applies to claims of violating the constitutional rights of the accused); Colon v. Special Agent Connolly, 78 F. App'x 732, 733 (1st Cir. 2003) (unpublished) (affirming lower court's holding that plaintiff's Bivens claim for damages has "no merit" under Heck where the present suit would necessarily imply the invalidity of plaintiff's underlying sentence).

---

[2] The court need not address whether Defendants had probable cause for the seizure of Plaintiffs where the criminal proceedings did not terminate in Plaintiffs' favor.

The Supreme Court has explained that "[t]he favorable termination requirement serves multiple purposes: (i) it avoids parallel litigation in civil and criminal proceedings over the issues of probable cause and guilt; (ii) it precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case; and (iii) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings." Thompson v. Clark, 142 S. Ct. 1332, 1338 (2022). Those purposes are all in play here.

Accordingly, where Plaintiffs' criminal convictions have not been invalidated, the Complaint [Doc. No. 1] fails to state a claim that Defendants violated their Fourth and Fifth Amendment rights under Bivens.

## II.     Conclusion

For the foregoing reasons, the Motion to Dismiss [Doc. No. 18] is GRANTED.

IT IS SO ORDERED.

November 22, 2022                                         /s/ Indira Talwani
                                                          United States District Judge